FILED
CLERK, U.S. DISTRICT COURT
12/16/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:20-cr-00621-RGK |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering; 18 U.S.C. § 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| BLADE BAI, aka "Dabai," "Balde Bai," "Bai Tim," and "Tian Bai," | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 1956(h)]

A. INTRODUCTORY ALLEGATIONS

1. At times relevant to this Information:

   a. Defendant BLADE BAI, also known as "Dabai," "Balde Bai," "Bai Tim," and "Tian Bai," lived in El Monte, California (at the "Bai Residence"). Defendant BAI operated Corporation A, a California corporation, which exported consumer electronics, including products made by Apple Inc.

    b. Beginning no later than June 2019 and continuing until at least September 2019, defendant BAI and Corporation A operated out of a store in Temple City, California (the "Bai Store").

    c. Beginning no later than December 2019 and continuing until on or about November 17, 2020, defendant BAI and Corporation A operated from a warehouse in Baldwin Park, California (the "Bai Warehouse").

    d. Defendant BAI controlled an account with Google, and an associated email address ("Bai's Gmail").

    e. A "gift card" was a physical card or a payment code that was issued by a merchant in a particular amount in exchange for approximately equivalent value received. Generally, upon presentation to such merchant, gift cards could be used to pay for purchases at the merchant.

    f. Target Corporation ("Target") was headquartered in Minnesota and operated brick-and-mortar retail stores within the Central District of California and elsewhere. Target sold gift cards that could be used to pay for purchases from Target. Target allowed possessors of gift cards to store the gift card data in an account that could be accessed using a mobile device (a "Target account"), and to use the Target account to make purchases with the gift cards at its stores.

    g. When a party returned merchandise to Target that had previously been purchased from Target, Target often refunded the purchase price by issuing gift cards in an equivalent amount to the party.

B.   THE OBJECT OF THE CONSPIRACY

2.   Beginning no later than in or about June 2019 and continuing through on or about November 17, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant BAI knowingly conspired with others known and unknown to the United States Attorney to commit an offense against the United States, namely, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and, while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

C.   THE MANNER AND MEANS OF THE CONSPIRACY

3.   The object of the conspiracy was to be carried out, and was carried out, in substance, as follows:

  a.   Defendant BAI and at least one coconspirator would obtain gift cards issued by Target.

  b.   The gift cards frequently were originally purchased by victims who had been fraudulently induced by scammers, using interstate telephone communications to further their fraudulent schemes, to purchase the gift cards to resolve some nonexistent issue.  The fraudulent schemes included:

     i. callers impersonating government personnel and falsely claiming that the victims had to pay money to resolve a problem with the victims' social security numbers, or other legal problems; and

     ii. victims being told that there were problems with the victims' computers, such as hacking.

In all the fraudulent schemes, the scammers told the victims to buy gift cards issued by Target, and to read the numbers and access codes assigned to the gift cards over the phone to the scammers for the purported purpose of paying to fix the claimed issues.

  c. Defendant BAI and other known and unknown co-conspirators, and persons working at their direction, would distribute and cause the distribution of such gift cards to persons ("money mules") who, at the direction of defendant BAI, other co-conspirators, and persons working at defendant BAI's direction, would use the funds associated with the gift cards at Target stores, in Los Angeles County and elsewhere, to purchase consumer electronics.

  d. Defendant BAI and other co-conspirators occasionally would tell the money mules to use the gift cards in sham transactions such as:

     i. buying a bottle of water or other small-value item, along with a gift card, using a high-value gift card to pay for the purchase, thereby causing the balance on the original gift card, which was often hundreds of dollars or more, to be transferred or "converted" to a new gift card; and

     ii. buying a high-price item with a gift card, and thereafter returning that item, thereby causing an amount equivalent to the high price to be issued to a new gift card.

4

   e. Defendant BAI knew that, in order to evade Target's efforts to detect the money laundering of gift card fraud proceeds, money mules would often travel significant distances to numerous Target stores throughout Southern California in order to purchase electronics with gift cards at different locations within a single day.

   f. Through the sham transactions and the spreading of the purchases, returns, and other transactions to multiple Target stores, defendant BAI and his co-conspirators would seek to conceal, and would conceal, the fact that the gift cards had been funded in the first instance with fraud proceeds.

   g. Defendant BAI would cause the consumer electronics ultimately purchased with the gift cards to be taken to the Bai Store, the Bai Warehouse, and the Bai Residence, where he took possession and control of them.

D. <u>OVERT ACTS</u>

 4. In furtherance of the conspiracy, and to accomplish its object, defendant BAI, together with others known and unknown to the United States Attorney, on or about the following dates, committed and willfully caused others to commit the following overt acts, among others, within the Central District of California and elsewhere:

 <u>Overt Act No. 1</u>: On or about June 20, 2019, defendant BAI instructed a money mule, in Chinese, that if the money mule was done buying merchandise and had money left on the Target gift card, to go a self-checkout kiosk, grab a bottle of water or some other item, and load the remaining balance on new gift cards.

 <u>Overt Act No. 2</u>: On or before February 20, 2020, defendant BAI caused to be loaded, on a Target account for which the username

was defendant BAI's Gmail, access information for a Target gift card number ending in 212 (the "212 Card").  The 212 Card was funded via the return of an Apple iPad at a Target store in Brea, California, that had been purchased the previous day at the same store with a Target gift card number ending in 560 (the "560 Card").  In turn, the 560 Card had been purchased by a fraud victim in Charlotte, North Carolina, on or about February 19, 2020.

Overt Act No. 3:   On or about June 9, 2020, defendant BAI drove from the Bai Warehouse to a residence in Hacienda Heights, California.  Later the same day, defendant BAI drove away from that residence with boxes of consumer electronics.

Overt Act No. 4:   On or about September 3, 2020, defendant BAI drove from the Bai Residence to the residence of two money mules in Rosemead, California ("Rosemead Residence").

Overt Act No. 5:   On or about September 3, 2020, after he arrived at the Rosemead Residence, defendant BAI loaded plastic shopping bags displaying the Target store logo into his vehicle, and drove back to the Bai Residence.

FORFEITURE ALLEGATION

[18 U.S.C. § 982 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant BLADE BAI's conviction of the offense set forth in this Information.

2. If convicted, defendant BLADE BAI shall forfeit to the United States of America the following:

    a. Any property, real or personal, involved in such offense, and any property traceable to such property, including, without limitation, the following property seized on or about November 17, 2020;

        i. Gift cards, United States Currency, and new electronics merchandise, including Apple pencils, Apple iPhones, Apple Airpods, Apple keyboards, Bose Headphones, Apple Watches, Apple iPads, Apple TV devices, Xbox consoles, Sony Playstation consoles and games, Nintendo Switch devices and games, Nest cameras, and streaming devices, seized from 4616 N. Peck Rd., Unit C, El Monte, California and from 13300 Brooks Dr., Suite D, Baldwin Park, California;

        ii. New electronics merchandise, including Apple iPads, Apple Watches, Apple Airpods, Nintendo Switches, and streaming devices, seized from 5095 Buckwheat St., Chino Hills, California;

        iii. New electronics merchandise, including Apple Airpods and cables, and United States Currency, seized from 16327 Sierra Trail Ct., Hacienda Heights, California; and

b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), if convicted, defendant BAI shall forfeit substitute property, if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or

//

//

//

more separate transactions involving a total of $100,000 or more in any twelve-month period.

```
                              NICOLA T. HANNA
                              United States Attorney


                              /s/ Brandon Fox
                              BRANDON D. FOX
                              Assistant United States Attorney
                              Chief, Criminal Division

                              RANEE A. KATZENSTEIN
                              Assistant United States Attorney
                              Chief, Major Frauds Section

                              MONICA E. TAIT
                              Assistant United States Attorney
                              Deputy Chief, Major Frauds Section

                              GUSTAV W. EYLER
                              Director, Consumer Protection Branch
                              United States Department of Justice

                              WEI XIANG
                              Trial Attorney
                              Consumer Protection Branch
                              United States Department of Justice
```